# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| ANDREW A. BROWN, IV, | : | |
| Petitioner, | : | |
| VS. | : | 1 : 09-CV-20 (WLS) |
| DAVID FRAZIER, Warden, | : | |
| Respondent. | : | |

## RECOMMENDATION

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2000 Crisp County conviction for malice murder, felony murder based upon aggravated assault, aggravated sexual battery and arson. (Doc. 2). Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to life imprisonment on the murder charges, 20 years concurrent for aggravated sexual battery and 20 years consecutive for arson. Petitioner filed a motion for new trial on September 25, 2000, which was amended on March 26, 2004 and denied on April 7, 2004. Petitioner filed a direct appeal of his conviction on May 28, 2004. The Supreme Court of Georgia affirmed Petitioner's conviction and sentence in 2005. *Brown v. State*, 278 Ga. 810, 607 S.E.2d 579 (2005).

Petitioner filed a state habeas petition on February 9, 2006 in the Superior Court of Hancock County. (Doc. 11-2). Following an evidentiary hearing, the state habeas court denied relief on August 20, 2007. (Doc. 11-5). The Supreme Court of Georgia remanded the case, finding that the state habeas court's order denying relief did not contain sufficient findings of fact and conclusions of law. (Doc. 11-8). The state habeas court filed an amended order on June 3, 2008, denying relief. (Doc. 11-9). Petitioner's application for a certificate of probable cause

to appeal was denied on November 17, 2008. (Doc. 11-12). Petitioner filed this federal habeas petition on February 2, 2009. (Doc. 2).

**Factual Background**

This Court is "bound under 28 U.S.C. § 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The AEDPA thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings. *Id.* Inasmuch as no dispute has been raised herein regarding the findings of fact issued by the Supreme Court of Georgia, said findings are hereby adopted as follows:

> The jury was authorized to find that Brown and the victim had a relationship that ended in February 1999. On September 25-26, 1999 between the hours of 5:00 p.m. and 2:30 a.m., Brown sexually assaulted the victim and brutally beat her with a hammer-like object. Before he left he set her on fire. A neighbor saw the smoke around 2:30 a.m. and called for assistance. Emergency personnel arrived to find the victim lying on her back on the living room floor with her underwear pulled down, her legs spread apart and flames coming out of her chest. She had been bludgeoned about the head at least 39 times and she had two contusions to the introitus of the vagina. There was no forceful entry into the home and investigators determined that an accelerant had been used to ignite the body. Investigating officers found blood spatters on the walls and carpet and bloody footprints were found in the kitchen. A crime laboratory analyst testified that the footprints in the kitchen were similar in tread, design, pattern, size and wear to shoes recovered from Brown. Blood droplets on the top of Brown's shoes matched the victim's blood.
>
> [T]he victim's cousin, testified that the victim was distressed because Brown had been stalking her, had attacked her and also

> threatened to kill her one week before she was murdered.

*Brown v. State*, 278 Ga. at 810.

## **Standard of Review**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at. 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'"

3

*Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") case, the Petitioner herein may obtain federal habeas relief ***only*** if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

## **Petitioner's Habeas Claims**

In his original and amended Petitions for federal habeas relief, the Petitioner sets forth one ground for relief, to wit, ineffective assistance of appellate counsel, and also asserts that he is actually innocent of the crimes for which he stands convicted. (Docs. 2 and 7).

### *Ineffective assistance of appellate counsel*

Petitioner asserts that his appellate counsel rendered ineffective assistance in failing to raise on appeal the trial court's alleged error in admitting Petitioner's tennis shoes into evidence. In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).

The Petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [] strategy'". *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. The Court's determination of prejudice to the Petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

A criminal defendant has a right to counsel on appeal, "limited to the first appeal as of right". *Evitts v. Lucy*, 469 U.S. 387, 394 (1985). However, this right does not encompass a right to compel said counsel to pursue every claim deemed meritorious by the defendant. The Supreme Court has expressly held that "[n]either *Anders* nor any other decision of this Court suggests, [however], that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at

most on a few key issues." *Id.*

In his state habeas petition, the Petitioner asserted that appellate counsel failed to raise as error on appeal the trial court's admission of the tennis shoes into evidence. The state habeas court found that:

> John W. Sherrer, Jr., provided reasonably effective, professionally competent appellate representation to Petitioner. Mr. Sherrer properly investigated and researched the Petitioner's case and provided reasonable, competent representation on the presentation of the appeal. Mr. Sherrer's representation of Petitioner was not professionally deficient, but, assuming for the sake of argument that Mr. Sherrer's representation was deficient, his representation did not prejudice Petitioner's defense on appeal.
>
> The Petitioner has failed to prove that Mr. Sherrer rendered ineffective assistance of counsel by not raising on appeal the admission into evidence of the Petitioner's shoes that, according to DNA tests, had the murder victim's blood on them.
>
> Petitioner has failed to carry his burden of proof on his petition for habeas corpus.

(Doc. 11-9, pp. 2, 3).

After discussing the applicable standards for evaluating an ineffectiveness of appellate counsel claim, including *Strickland* and Georgia cases citing Supreme Court rulings, the state habeas court concluded that:

> Petitioner has failed to prove ineffective assistance of his appellate counsel. In particular, Petitioner has failed to carry his burden of proof on both prongs of the said two-prong test for the ineffectiveness of an accused's appellate counsel.
>
> More specifically, on Petitioner's claim concerning his appellate counsel's not raising on appeal the admission into evidence of the Petitioner's bloody shoes, Petitioner pointed out the apparently correct fact that this evidence was important to the State's case against him. However, the Petitioner has not shown how this admission of evidence was legally erroneous under the rules of evidence. Considering the evidence presented at the habeas hearing,

> especially the testimony of Mr. Sherrer, his decision to not raise this ground "was a reasonable tactical move" under the criteria of *Crawford v. Thompson*. Additionally, the Petitioner has not shown that the inclusion of this omitted ground as an enumerated error on appeal would produce "a reasonable probability that the outcome of the appeal would have been different." Instead, the Petitioner's main assertion is that Mr. Sherrer rendered ineffective assistance since he did not raise this ground on appeal after Petitioner requested it. However, a criminal defendant does not have a constitutional right to have appellate counsel raise every issue that the defendant requests.

*Id.* at pp. 4, 5.

It does not appear, nor has Petitioner shown, that the state habeas court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that Petitioner's appellate counsel provided the Petitioner with effective representation. Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that counsel was not deficient and did not prejudice Petitioner.

The facts as found by the state habeas court, and the testimony of Petitioner's appellate counsel, John W. Sherrer, Jr., at Petitioner's state habeas hearing, evidence counsel's effective representation. Mr. Sherrer testified to having twenty-three (23) years of experience as an attorney, with at least 85% of his practice devoted to criminal matters at the time he represented the Petitioner in his appeal. (Doc. 11-13, pp. 7, 8). Mr. Sherrer detailed his efforts to research Petitioner's case and his decision-making process in regard to the issues raised in Petitioner's appeal. *Id.* In regard to the issue of the trial court having admitted the tennis shoes into evidence over defense counsel's objection, and the consideration of whether to raise this issue on

7

appeal, Mr. Sherrer testified that:

> I considered it, but as you go and look at the case, you have to take – first of all take the premise that the tennis shoes – the issue of the tennis shoes were they had blood on them, according to the experts. The blood was from the victim in this case. There was no evidence tying Mr. Brown as to having gone to that location or being in that house on that particular evening. So the blood tied the defendant to the location and to the murder of the victim in this case.
>
> Now, the issue about the tennis shoe is whether or not the test done by the experts in this case were contaminated as a result thereof. During the course of the trial, the trial counsel did a very good job, I felt, of cross-examining the issue of possible contamination. But during the course of the trial, it was not established that they were, in fact, contaminated. And visa versa, I don't know that it could be ruled out that they were or were not contaminated. Let me say that. Why I say contamination is these tennis shoes were taken – defendant's tennis shoes were taken to the scene where the crime was and laid down next to laminated panels where blood of the victim was found; where there were prints found. And so the issue came into play. And as I looked at is [sic] as a factual issue which dealt with weight and credibility to determine whether there was or was not, in fact, contamination. That issue was raised as a sufficiency of evidence claim. Expert testimony as well as testimony from any witness, the jury – and the judge so instructed – can give it as much weight and credibility as they so desire. They may believe an expert. They may believe a witness. Or they may decide to believe only part or discount the whole testimony. And so far as that particular issue is concerned, I felt it came down to the issue of weight and credibility [which was raised as an issue on appeal].

*Id.* at pp. 10-12.

"Our review of a final state habeas judgment is highly deferential to the state court under section 2254." *Hardwick v. Benton*, 318 Fed. Appx. 844, 846 (11th Cir. 2009). "Our standard of review is 'doubly deferential' when 'a *Strickland* claim [is] evaluated under the § 2254(d)(1) standard'". *Digsby v. McNeil*, 627 F.3d 823, 831 (11th Cir. 2010) (citing *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)). A review of the state habeas court's decision and the underlying

8

testimony from appellate counsel reveals that the state court decision is not contrary to or an unreasonable application of clearly established federal law, nor is it based on an unreasonable determination of the facts. Therefore, Petitioner's assertion that appellate counsel provided ineffective assistance will not support the granting of habeas relief herein.

*Actual innocence*

Finally, the Petitioner has not set forth any probative evidence to support his claim of actual innocence. A claim of actual innocence must be supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed." *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

*Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief, **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he

wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 22nd day of June, 2011.

*s/  THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb