IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ANDREW A. BROWN, IV,          :
                              :
    Petitioner,              :
                              :
v.                            :       Case No. 1:09-cv-20 (WLS)
                              :
DAVID FRAZIER, *Warden*,      :
                              :
    Respondent.              :
_____:

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed June 22, 2011. (Doc. 19). It is recommended that Petitioner's 28 U.S.C. § 2254 habeas corpus petition, which challenges Petitioner's 2000 Crisp County conviction for malice murder, felony murder based on aggravated assault, aggravated sexual battery, and arson (*see* Doc. 2), be denied.[1] (Doc. 19 at 9). The denial of a certificate of appealability is also recommended. (*Id.*).

The Report and Recommendation provided the Parties with fourteen (14) days[2] from the date of its service to file written objections to the recommendations therein. (*Id.*). The period for

---

[1] The Court finds it necessary to note a slight distinction between one of Petitioner's argument as a basis for his § 2254 Petition and the Recommendation's account of said argument. While Petitioner argues that his appellate counsel failed to altogether raise on appeal the trial court's admission into evidence of his tennis shoes—the only evidence that connected him to the allegedly contaminated scene of the crimes for which Petitioner was convicted—the Recommendation, as well as the state habeas court's decision, indicates that appellate counsel raised this issue on appeal as a matter of the weight and credibility of the evidence and testimony as to the tennis shoes (i.e., a sufficiency of the evidence claim) instead of directly attacking its admission into evidence over the trial counsel's objection. Consequently, Petitioner appears to contest the manner in which his appellate counsel challenged on appeal the trial court's admission of the tennis shoes rather than his failure to raise the issue at all. Nonetheless, the Court finds that this difference in the representation of the foregoing argument of the subject § 2254 Petition does not affect the outcome of the Recommendation's findings that the Petition is meritless.

[2] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

1

filing objections expired on Monday, July 11, 2011.[3] Petitioner, however, filed his Objections on July 13, 2011, two days after the expiration of the deadline by which the Parties were allowed to do so.[4] (*See* Doc. 20). Despite the untimeliness of Petitioner's Objections, the Court still considers them herein in the interests of justice.

As to Petitioner's ineffective assistance of appellate counsel claim for failure to raise on appeal the trial court's admission into evidence of Petitioner's tennis shoes, Judge Langstaff finds that Petitioner failed to establish that the state habeas court's decision on this issue was contrary to or an unreasonable application of clearly established law or that it was based on an unreasonable application of the facts. (Doc. 19 at 7, 8-9). Petitioner disputes said findings on several grounds, primarily asserting that the Recommendation's findings are contrary to Strickland v. Washington, 466 U.S. 668 (1984). (Doc. 20 at 2).

First, Petitioner argues that "Petitioner proved that his appellate counsel performed deficiently in failing to raise on appeal the trial court's error in allowing the state to introduce into evidence, over the strenuous objection of defense counsel, the petitioner's tennis shoes." (*Id.* at 2-3). According to Petitioner, he also "proved resulting prejudice due to appellate counsel's deficient performance . . . [, as] the Supreme Court of Georgia would have reversed Petitioner's instant conviction . . . [in light of his] alibi" on the date of the crimes and the existence of the tennis shoes as the only evidence connecting Petitioner to the crimes. (*Id.* at 3). Second, Petitioner argues that the facts were unreasonably applied, since nearly every state witness's testimony revealed that the crime scene had been contaminated. (*Id.*).

---

[3] Pursuant to Fed. R. Civ. P. 6(a)(1)(C), because the actual deadline for filing objections—Saturday, July 9, 2011—fell on a weekend, the deadline was extended to Monday, July 11, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C).
[4] Although Petitioner claims that he did not receive the Report and Recommendation until June 28, 2011, six days after the Report and Recommendation's issuance (*see* Doc. 20 at 1), the Court notes that Petitioner still had more than ample time—nearly two weeks—to timely file objections thereto.

2

The Court finds that these objections are an improper attempt by Petitioner to re-argue the allegations of his § 2254 Petition, all of which Judge Langstaff has reviewed and for which he has provided recommended findings. As established by the Recommendation and the state habeas corpus decision, Petitioner's appellate counsel was not deficient, did not prejudice Petitioner, and therefore did not provide ineffective assistance. Petitioner's appellate counsel was a highly experienced trial attorney in criminal matters, and in Petitioner's criminal appeal, he devoted significant time to researching Petitioner's case and deciding whether and how to raise certain issues on appeal. (*See* Doc. 19 at 7-8).

For the these reasons, the objections set forth in Petitioner's Objections (Doc. 20) are **OVERRULED** and United States Magistrate Judge Langstaff's June 22, 2011 Report and Recommendation (Doc. 19) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's federal habeas corpus petition, brought pursuant to 28 U.S.C. § 2254 (Doc. 2), is **DENIED**. The Court further **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this 25th day of July 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**